PIERCE, Chief Judge.
In original proceedings filed in this Court, petitioner Raymond Myrick filed petition for writ of habeas corpus on September 9, 1970, upon which petition we issued rule to show cause.
Respondent director has filed his response to the show cause order, alleging that Myrick was indicted in the Hillsbor-ough County, Florida, Circuit Court on March 21, 1967, for the offense of first degree murder, that upon trial he was found guilty as charged, that the trial Court later reduced his conviction to murder in the second degree, and that he was thereupon adjudged guilty of the lesser offense and sentenced to serve a term in the State prison. Respondent sets forth that he is holding Myrick presently in custody by virtue of the foregoing judgment and sentence.
The sole ground upon which Myrick bases his petition for the writ is that he was “unconstitutionally deprived of his constitutional right to a direct appellate review of his conviction by failure and refusal of his Court-appointed counsel to directly ap *180 peal his case, and, when subsequent to his conviction, the Court failed to advise him of his constitutional right to appeal his conviction”.
Said naked averments aforesaid are neither elaborated upon or otherwise supported by allegations of fact; but in our view of the case, based upon the authenticated record of the proceedings in the Court below, as filed in this Court, we will dispose of the case summarily upon the conclusory averments contained in the petition on its face.
If the record shows that petitioner was advised of his right of appeal on his day of sentencing and that his failure to appeal was not due to any action by State agents, a petition for release based upon failure to be so advised is insufficient. Berube v. United States, C.A.5, Fla.1966, 355 F.2d 543.
The record in the instant case shows that after Myrick had been found guilty by a jury of first degree murder he was produced before the trial Court on June 2nd, 1970, at which time the Court ex mero motu reduced the conviction to guilty of second degree murder pursuant to Rule 1.-620, of the Florida Rules of Criminal Procedure, 33 F.S.A. Myrick was thereupon adjudged guilty of the lesser offense and sentenced as provided by law, immediately after which and at the same session of Court, the trial Judge in open Court advised Myrick as follows:
“The Court does now advise you that it is your right to appeal within thirty (30) days from this date from the proceedings had in this Court. You are further advised that you are entitled to assistance of counsel in the filing and preparation of your appeal. Upon your request and a showing that you are entitled to an attorney at the expense of the State, the Court will appoint one for you.”
So the official record as authenticated to this Court, conclusively refutes the sole contention made by Myrick upon which he grounds his relief by habeas corpus, namely, that he was not officially advised of his right to appeal. The writ of habeas corpus prayed for is therefore denied and this proceeding dismissed.
HOBSON and McNULTY, JJ., concur.